Honorable James L. Robart

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| OSCAR LEE OLIVE, IV., an individual<br><br>Plaintiff,<br><br>v.<br><br>HAYLEY MARIE ROBINSON, an individual, and Does 1-20 inclusive<br><br>Defendants | No. 2:20-cv-00356-JLR<br><br>**PLAINTIFF AND CROSS-DEFENDANT OSCAR LEE OLIVE'S NOTICE OF MOTION AND MOTION TO DISMISS DEFENDANT ROBINSON'S COUNTERCLAIM PURSUANT TO F.R.C.P. 12(b)(6).**<br><br>[Supporting declaration of Oscar Lee Olive IV, and Request for Judicial Notice; (Proposed) Order]<br><br>NOTE ON MOTION CALENDAR: May 15, 2020 |

**TO THE HONORABLE JAMES L. ROBART, FEDERAL DISTRICT COURT JUDGE FOR THE DISTRICT OF WASHINGTON, WESTERN DIVISION, AND TO DEFENDANT AND CROSS-CLAIMANT HAYLEY MARIE ROBINSON:**

PLEASE TAKE NOTICE that on May 15, 2020, or as soon thereafter as the matter may be heard in the above-entitled Court, Plaintiff and Cross-Defendant Oscar Lee Olive IV ("OLIVE") will move the Court to dismiss Defendant Hayley Marie Robinson ("ROBINSON") counterclaim pursuant to F.R.C.P. rule 12(b)(6) on the grounds that she has failed to state a claim upon which relief can be granted under 9th Circuit and Washington law. Defendant's counterclaim is based under Rule 11 and Washington state law both mandating motions and compliance with a safe harbor period. Both

ignored by Defendant, who used only legal conclusions and void of any facts, in her "counterclaim."

The Motion is based upon the accompanying Memorandum of Points and Authorities, the supporting declaration of Plaintiff Oscar Lee Robinson IV, and Plaintiff Olive's Request for Judicial Notice pursuant to F.R. Evid. § 201, and the pleadings on file in this case.

Dated: April 23, 2020                                 Respectfully submitted,

                                                      /s/  Oscar Lee Olive, IV.

                                              By:     _____

                                                      Oscar Lee Olive, IV

                                                      Plaintiff

                                                      In Pro Per

                                                      Oscar.L.Olive@gmail.com

                                                      (850) 319-9023

MEMORANDUM AND POINTS OF AUTHORITY

I. **INTRODUCTION.**

Plaintiff and Cross-Defendant Oscar Lee Olive IV ("OLIVE") established photographer who resides in Florida.

Defendant and Cross-Claimant Hayley Marie Robinson ("ROBINSON") aka "Ireland Rose" was a former part time model, who in July 2016, hired OLIVE to take photographs of her for a catalogue. ROBINSON and her then boyfriend, Justus Keppel, visited OLIVE to have ROBINSON photographed. In an attempt to gain a free modeling services, ROBINSON and Keppel, threatened OLIVE with making false allegations to harm OLIVE personally and financially to extort free services. ROBINSON'S modeling career failed and ROBINSON began selling sexual material of herself and others on her website for income. To generate more traffic and income, ROBINSON used false statements about OLIVE, falsely alleging OLIVE had sexually assaulted another model and stolen money from other models to generate income for herself (Exhibit "1" to Olive Decl.)

On or around July 2016 ROBINSON and her former boyfriend, Keppel, initiated ROBINSON'S plan to defame and injure OLIVE by making false statements on Facebook.com alleging OLIVE had sexually assaulted a model, was convicted and stole money from models.

In or around November 2016 ROBINSON admitted the statements concerning OLIVE were false (Exhibit "2" to Olive Decl.). In or around November 2016 the supposed "victim" referred to by ROBINSON also stated there was no sexual abuse, <u>and</u> that ROBINSON had admittedly made these statements regarding OLIVE for a publicity stunt to financially benefit ROBINSON.

On or around June 12, 2018 OLIVE sued ROBINSON and KEPPEL for defamation and intentional infliction of emotional distress in the United States District Court, Western District of Washington (Case No. 2:18-cv-00862-MJP). ROBINSON and Keppel refused to respond to

discovery and were sanctioned by the District Court (ECF No. 49, 2:18-cv-00862-MJP, *Order on Sanctions*). Keppel continued to refuse to obey Court orders and the Court entered default judgment (ECF No. 53, 2:18-cv-00862)(Exhibit "3" Olive Decl.) Default judgment was entered Sept. 30, 2019 (ECF 61, 2:18-cv-00862)(Plaintiff's Request for Judicial Notice No. "1").

On or around May 10, 2019 ROBINSON filed for bankruptcy, stating she was seeking a "pardon" from the Federal lawsuit filed by OLIVE against her (Exhibit "1" of Olive Decl. )(Exhibit "1" is just one of many publications made by ROBINSON).

On or around Sept. 30, 2019 default judgment in case 2:18-cv-00862-MJP (*Olive v. Keppel and Robinson*) was entered against Keppel and in favor of OLIVE, with the District Court accepting as true the factual allegations made by OLIVE, i.e., that ROBINSON made defamatory statements that OLIVE has sexually assaulted a model and stolen money from models (Exhibit "3" to Olive Decl. pg. 6)(RFJN #1, pg. 6). The District Court found OLIVE had proven defamation and intentional infliction of emotional distress by KEPPEL upon OLIVE, by KEPPEL aiding and abetting ROBINSON by allowing ROBINSONS to use Keppel's Facebook account to post false and defamatory statements about OLIVE related to sexual assault and theft (ECF No. 61, 2:18-cv-00862, pgs. 5-7, 8-9)(Exh. "3" to Olive Decl. pgs. 5-7, 8-9). Aiding and abetting requires an underlying tort, here defamation and IIED was met arising from ROBINSON'S false statements.

**This action before the Court is based upon ROBINSON'S post-bankruptcy republications of defamatory statements made by ROBINSON on a new forum to a new audience** (Complaint ECF No. 1 ¶¶ 14-15). This time, ROBINSON used her own personal webpage https://irelandrosemarie.wordpress.com/, where ROBINSON published the same defamatory statements, this time on a new forum, this time to obtain money from third parties using ROBINSON'S Venmo, Google Pay and other accounts (ECF 1, Complaint ¶¶ 14, 15).

NOTICE OF MOTION AND MOTION
TO DISMISS FRCP 12(b)(6)                4

Oscar Lee Olive, IV (Plaintiff)
101 N. Ocean Drive, Suite 132
Hollywood, FL 33319    (850) 319-9023

Under Washington state law republication of defamatory statements on a new platform is separately actionable.  See Momah v. Bharti (Wash. Ct. App. 2008) 144 Wash.App. 731, 753-4 (defamatory publication of same material on different websites are separately actionable).  See also Life Designs Ranch, Inc. v. Sommer (Wash. Ct. App. 2015) 191 Wash.App. 320, 335 *citing* Bharti.

On March 04, 2020 Plaintiff OLIVE filed this action against ROBINSON for publishing statements, previously found to be defamatory and supporting an award of intentional infliction of emotional distress, by ROBINSON on her new website.  Despite stating that OLIVE never sexually assaulted a model, ROBINSON found that intentionally injuring OLIVE is financially profitable.

On April 6, 2020 ROBINSON filed her answer containing a counterclaim based on Rule 11 against Olive (ECF Doc. 9, pg. 7, Ln. 24).   ROBINSON alleges that her counterclaim is premised upon OLIVE'S filing of three lawsuits against ROBINSON (ECF Doc. 9 at ¶ 3).  ROBINSON cannot seek Rule 11 sanctions for the prior case 2:18-cv-00862-MJP, where judgment has already been entered in favor of OLIVE, that would simply be forum or judge shopping.  Neither can ROBINSON seek Rule 11 sanctions for the adversary proceeding pending against her before the Federal Bankruptcy Court.  Again, that would be forum shopping and time run for such a motion.

ROBINSON'S stated basis for her "counterclaim" is expressly Rule 11 (ECF Doc. 9, pg. 7, ¶ 9) and RCW 4.84.185 (Id. at pg. 10, ¶ 10).  ROBINSON has failed to state any facts to support a valid Rule 11 or Washington counterclaim.  ROBINSON alleged only insufficient legal conclusions, void of any facts.  Fatally her request for sanctions as a counterclaim cannot be granted under 9th Circuit law, and Washington law.   ROBINSON'S counterclaim should be dismissed with prejudice as ROBINSON cannot use Rule 11 as a "counterclaim" and cannot be amended as a counterclaim when both statutes require separate motions.

///

NOTICE OF MOTION AND MOTION TO DISMISS FRCP 12(b)(6)    5    Oscar Lee Olive, IV (Plaintiff)
101 N. Ocean Drive, Suite 132
Hollywood, FL 33319   (850) 319-9023

ROBINSON failed to comply with mandatory pleading requirements of Rule 11 by first serving a motion upon OLIVE that complied with Rule 11 twenty-one (21) day waiting period (Olive Decl. ¶ 2). ROBINSON also misapplies Rule 11 but using it as a counterclaim, and not by filing it as a separate motion, as required under Rule 11(c)(2). ROBINSON also asserted Washington statute RCW 4.85.185 for an award of fees and costs (Doc. 9, pg. 10, ¶ 10). RCW 4.84.185 also mandates a motion, same as Rule 11 (F.R.Civ.P), and not as a counterclaim ("*This determination shall be made upon motion by the prevailing party after a voluntary or involuntary order of dismissal, order on summary judgment, final judgment after trial, or other final order terminating the action as to the prevailing party.*") See Hamilton v. Huggins (Wash. Ct. App. 1993) 70 Wash.App. 842, 847 ["*error to award attorney fees based on the frivolous claims statute, RCW 4.84.185, because no formal motion for an award of fees was made as required by the statute.*"]

ROBINSON cannot plead Rule 11 or RCW 4.84.185 as a counterclaim, to circumvent mandatory motion requirements. Nothing in either statute permits such an abuse.

## II. STANDARD FOR DISMISSAL UNDER F.R.CIV.P 12(B)(6), FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED.

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) Although a plaintiff does not have to make "detailed factual allegations," a complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ). Neither defendants nor the court are bound by legal conclusions set forth in the complaint as allegations of fact. *Papsan v. Allain,* 478 U.S. 265, 285, 105 S.Ct. 2932, 2944, 92 L. Ed. 2d 209 (1986). A liberal interpretation cannot be

used to provide essential elements of a claim which are lacking in the complaint itself. *Ivey v. Bd. Of Regents of the University of Alaska* 673 F.2d 266, 268 (9th Cir. 1982The court, however, is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

ROBINSON'S purported counterclaim is void of any facts, and based entirely on random legal conclusions, and "he harmed me" by filing this lawsuit against me claims insufficient to defeat a Rule 12(b)(6) motion.  Rule 11 is not a claim, but a procedural motion that ROBINSON has failed to follow both pleading and procedural requirements.  ROBINSON'S "counterclaim" failed to meet the rigorous pleading and notice requirements of Rule 11 and Washington State law.  To be sure, ROBINSON failed to allege any supporting facts for either her Rule 11 and Washington State law claim irrespective of her legal conclusions.

Moreover, "if facts that are alleged to be true in a complaint are contradicted by facts that can be judicially noticed, the contradicted facts in the complaint are not to be deemed as true upon consideration of the motion to dismiss." *5A Wright & Miller, Federal Practice and Procedure* §1364 (2004).  Here, ROBINSON'S counterclaim is undermined by the prior District Court's findings that the allegations of sexual assault and theft made by ROBINSON were false and defamatory.

As set forth below, 9th Circuit law also requires the Rule 11 counterclaim be denied for failure to give due process notice.  Additionally, OLIVE'S claims are actionable under the forum state law of Washington state, as set forth below.

### III. ROBINSON'S RULE 11 COUNTERCLAIM MUST BE DENIED UNDER 9TH CIRCUIT LAW HAVING FAILED TO COMPLY WITH RULE 11.

As a matter of 9th Circuit law, ROBINSON'S counterclaim for Rule 11 sanctions is

procedurally defective.  ROBINSON'S failure to serve a motion twenty one (21) days upon OLIVE *before* seeking Rule 11 sanctions to the Court mandates denial of her claim (Rule 11 (c)(2).

In Radcliffe v. Rainbow Const. Co. (9th Cir. 2001) 254 F.3d 772, 788–789 the Court held that failure of a party to serve a demand for retraction with a twenty-one (21) day safe harbor period before petitioning the district court barred recovery under Rule 11 [*"Rainbow did not serve the plaintiffs with the motion in advance of filing and thus did not comply with the twenty-one day advance service provision. Having not followed this procedure, Rainbow was not entitled to obtain an award from the plaintiffs."*].  See also *Barber v. Miller,* 146 F.3d 707 (9th Cir.1998) the procedural requirements of Rule 11(c)(1)(A)'s "safe harbor" are mandatory. *Id*. at 710–11. Undeniably ROBINSON failed to serve a motion or request at any time prior to filing her counterclaim under Rule 11 (Olive Decl. ¶ 2).

Neither may ROBINSON disguise her counterclaim for Rule 11 sanctions as a court's independent motion.  See Radcliffe v. Rainbow Const. Co., 254 F.3d at 789 [*"We reject Rainbow's contention because it was Rainbow, not the court, that initiated the award of sanctions. ... It would render Rule 11(c)(1)(A)'s "safe harbor" provision meaningless to permit a party's noncompliant motion to be converted automatically into a court-initiated motion, thereby escaping the service requirement.*"]  To be sure, it was ROBINSON who approached this court under Rule 11 seeking sanctions ignoring the safe harbor provision in her counterclaim.

As a matter of 9th Circuit law, ROBINSON'S counter claim should be denied and dismissed by this Court.  ROBINSON cannot now usurp OLIVE'S due process rights under Rule 11's safe harbor provision by seeking Rule 11 sanctions as a counterclaim.

ROBINSON'S counterclaim for costs and fees under Washington law also must be denied as a matter of law, as she again failed to file the mandatory motion with proper notice requirements.

1  See <u>Hamilton v. Huggins</u> (Wash. Ct. App. 1993) 70 Wash.App. 842, 847 ["error to award attorney
2  fees based on the frivolous claims statute, RCW 4.84.185, <u>because no formal motion for an award</u>
3  <u>of fees was made as required by the statute</u>." (emphasis added)].

4  **IV.  ESTABLISHED FACTS AND LAW SUPPORTING OLIVE'S COMPLAINT**
5  **REMOVING IT FROM RULE 11 PURVIEW.**

6  ROBINSON'S counterclaim lacks any facts which can be accepted as true that would support
7  her claim.  Indeed when a prior court finding has held ROBINSON'S same statements regarding a
8  purported sexual assault and theft committed by OLIVE were false and defamatory, these findings
9  are binding by collateral estoppel against ROBINSON in this proceeding.  After all ROBINSON was
10 a defendant in the prior action who failed to prove her statements were true.

11 Most fatal to ROBINSON is that ROBINSON admitted that her statements about OLIVE were
12 indeed false.  ROBINSON also concealed that the supposed victim of the sexual assault has publicly
13 stated that there was no sexual assault, and that the whole story was fabricated by ROBINSON in a
14 failed publicity attempt.  Robinson cannot now claim her statements were opinions, when another
15 District Court has found they were false <u>facts</u> in an action against ROBINSON, where ROBINSON
16 was indeed a defendant where judgment was entered in favor or OLIVE. ROBINSON also failed to
17 disclose to this Court that OLIVE's discharge is for a general discharge (Exhibit "5" to Olive Decl.).

18 Having published her defamatory statements on a new website post-bankruptcy, ROBINSON
19 may be held liable, as each publication on a new platform constitutes separately actionable conduct
20 under Washington State law.

21 **V.  PLAINTIVE'S COMPLAINT FOR DEFAMATION AND IIED ARE BASED ON**
22 **ESTABLISHED FACTS AND CURRENT LAW.**

23 ROBINSON alleges in her defective counter claim that OLIVE'S complaint is frivolous and
24

1  not supported by current law (Doc. 9, pgs. 8-9, ¶¶ 3, 5, 6, 7, 8).  ROBINSON is wrong.

2  ROBINSON offers only unsupported legal conclusions to support her counterclaim.  Neither

3  defendants nor the court are bound by legal conclusions set forth in a complaint as allegations of

4  fact. *Papsan,* 478 U.S. at 285.

5       OLIVE'S complaint is supported by current Washington State law.  ROBINSON'S

6  publications alleging OLIVE engaged in sexual assault and stole money have already been

7  determined to be false and defamatory, also causing intentional infliction of emotional distress

8  (Exhibit "3" Olive Decl.; RFJN #1 Order from District Court *Olive v. Keppel and Robinson* case no.

9  2:18-cv-00862-MJP**)**.   OLIVE alleged in his Complaint that post bankruptcy, ROBINSON again

10  published these false statements of fact, i.e., that OLIVE committed a sexual assault and stole

11  money, <u>this time on a new website</u> (Complaint ECF 1, ¶¶ 14-15).

12       Washington state law supports separate actionable claims each time a party makes

13  defamatory allegations on separate websites.  Indeed each publication is separately actionable.

14  <u>Momah v. Bharti</u> (Wash. Ct. App. 2008) 144 Wash.App. 731, 753-4 (defamatory publication of

15  same material on different websites are separately actionable).  See also <u>Life Designs Ranch, Inc. v.

16  Sommer </u>(Wash. Ct. App. 2015) 191 Wash.App. 320, 335 *citing* <u>Bharti</u>.  It is axiomatic that each

17  time a defendant republishes defamatory material to a *new forum and new audience* it is actionable.

18  The court in <u>Bharti</u> rejected applying blanket immunity for republications of the same defamatory

19  material on new separate platforms.  Here ROBINSON set up a new webpage to defame OLIVE.

20       The prior District Court findings of ROBINSON'S defamatory statements have been proven

21  against ROBINSON who was a party to the prior action.  Washington law supports separate

22  liability against ROBINSON each and every time ROBINSON republishes defamatory statements

23  about OLIVE.  Accordingly OLIVE'S claims are supported by prior factual findings by another

24

1  District Court, *and* also supported in Washington State law.

2  As such, the Court should dismiss ROBINSON'S counterclaim.

### VI.  LEAVE TO AMEND IS FUTILE EVEN TO A PRO SE LITIGANT.

ROBINSON'S *pro se* status does not alter the applicability of pleading rules. Pro se litigants must follow the same rules of procedure that govern other litigants. *United States v. Merrill,* 746 F.2d 458, 465 (9th Cir.1984), *cert. denied,* 469 U.S. 1165, 105 S.Ct. 926, 83 L.Ed.2d 938 (1985). See King v. Atiyeh (9th Cir. 1987) 814 F.2d 565, 567 *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012).  Leave to amend should be denied if amendment would be futile. ROBINSON cannot correct her pleading because Rule 11 and RCW both mandate separate motions with notice periods.  They are not legal "counterclaims" circumventing motions.

Federal Rule of Civil Procedure 11 is not a counterclaim, but a mandatory separate procedural motion with due process safeguards.  ROBINSON has plead Rule 11 as an improper counterclaim.  ROBINSON'S "counterclaim" is founded entirely on legal conclusions, and void of any facts.  Indeed, ROBINSON bases her whole "counterclaim" by complaining about the filing of three lawsuits against her, none of which were not found as frivolous by any court.

ROBINSON may not now turn a Rule 11 or Washington State motion into a "counterclaim" in her pleading to circumvent motion procedure.  Rule 11 and Washington's similar motions are not valid claims.  The "counterclaim" is based entirely on improper legal conclusions, void of any facts. The Court should dismiss ROBINSON'S counterclaim accordingly.

### VII. CONCLUSION.

Plaintiff OLIVE requests this Court GRANT his Motion to Dismiss ROBINSON'S counterclaim with prejudice as ROBINSON cannot, as a matter of current law, meet the procedural and substantive requirements under Rule 11 or Washington State law.  Amendment is futile as Rule

1  11 and RCW 4.84.185 mandate separate motions, and not plead as a "counterclaim".

5  Dated: April 23, 2020                                    Respectfully submitted,

                                                            */s/ Oscar Lee Olive, IV.*

                                                    By:     _____

                                                            Oscar Lee Olive, IV

                                                            Plaintiff and Cross-Defendant

                                                            In Pro Per

CERTIFICATE OF SERVICE

I certify, under penalty of perjury under the laws of the state of Washington, and under the laws of the United States, that

[ X ]   I electronically filed a true and correct copy of the foregoing document with the United States District Court ECF system, which will send notification of the filing to the following:

and/or

[ X ]   On April 23, 2020 I mailed by USPS First Class Mail, postage prepaid, in a sealed envelope, the attached document to the following parties:

*Hayley Marie Robinson*

*487 Westerly Road # 102*

*Bellingham, WA 98226*

DATED this 23th day of April 2020, at Hollywood, Florida.

/s/ *Nichole Crowley*