UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OSCAR LEE OLIVE, IV,<br><br>                Plaintiff,<br><br>  v.<br><br>HAYLEY MARIE ROBINSON,<br><br>                Defendant. | CASE NO. 2:20-cv-00356-JLR-BAT<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

Before the Court is Plaintiff Oscar Lee Olive's motion for reconsideration of the Court's Order (Dkt. 19), in which the Court stayed all proceedings in this case pending proceedings in bankruptcy. Dkt. 20. The motion is denied.

## DISCUSSION

A motion for reconsideration shall be filed within fourteen days after the order to which it relates is filed. CR 7(h)(2). Motions for reconsideration are disfavored and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. CR 7(h)(1). The term "manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." Black's Law Dictionary 622 (9th ed. 2009).

ORDER DENYING MOTION FOR
RECONSIDERATION - 1

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through — rightly or wrongly. *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Plaintiff filed his motion for consideration seventeen days after the Court's Order. Dkt. 19 and 20. Plaintiff explains that the delay was due to illness and obtaining a copy of proceedings in the bankruptcy proceedings. Dkt. 20 (citing Dkt. 20-1, Exhibit "1" Transcript of Proceedings March 5, 2020 Case No. 2:19-BK-11724-MLB, Adv. No. 19-01105-MLB).

Plaintiff argues that because his claims in this case occurred post-bankruptcy, and he does not seek damages incurred pre-bankruptcy, the claims are not subject to discharge in the bankruptcy.

This case was stayed pending an adjudication of similar claims in the bankruptcy proceeding, not because they will be resolved in the bankruptcy proceeding but because they are relevant and may be dispositive.

ORDER DENYING MOTION FOR
RECONSIDERATION - 2

1 | Because Plaintiff has not shown manifest error or new facts or legal authority, the motion for reconsideration (Dkt. 20) is **DENIED**.

DATED this 27th day of July, 2020.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER DENYING MOTION FOR
RECONSIDERATION - 3