UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OSCAR LEE OLIVE, IV,<br><br>    Plaintiff,<br><br>  v.<br><br>HAYLEY MARIE ROBINSON,<br><br>    Defendant. | CASE NO. 2:20-cv-00356-JLR-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Oscar Lee Olive IV seeks dismissal of Defendant Hayley Marie Robinson's Counterclaim pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 10. In her Counterclaim, Defendant asserts that Plaintiff has filed a meritless and frivolous lawsuit in violation of Fed. R. Civ. P. 11 and that the Complaint merits sanctions under RCW 4.84.185. Dkt. 9. Defendant opposes the motion. Dkt. 14. *See also* Dkt. 13 (Plaintiff's Reply).

Having reviewed the parties' written briefs and balance of the record, the undersigned recommends that Plaintiff's motion be granted, and Defendant's Counterclaim be dismissed.

BACKGROUND

A.   Procedural Background

On March 4, 2020, Plaintiff filed a Complaint for defamation and intentional infliction of emotional distress based on Defendant's alleged publication of false statements about Plaintiff on Defendant's personal webpage. Dkt. 1. This publication is alleged to have occurred between June 1, 2019 through March 4, 2020. *Id.*, ¶ 22. This is Plaintiff's second complaint against Defendant

REPORT AND RECOMMENDATION - 1

Robinson. In his first complaint, Plaintiff asserted similar claims of defamation and intentional infliction of emotional distress based on Defendant's alleged publication of false statements prior to June 12, 2018 on a different internet platform. *See* Case 2:18-cv-862-BAT.

On August 20, 2019, Defendant filed for bankruptcy. *See* Adv. Proc. No. 19-01105 ("Bankruptcy Proceeding"). The Court stayed further proceedings in both cases pending trial in the bankruptcy court to determine if Defendant's acts were intentional torts and therefore, not dischargeable in bankruptcy. *See* Dkt. 19 herein (July 7, 2020 Order Staying); and Dkt. 52 in Case No. 18-862 (June 27, 2019 Order Staying).

On November 16, 2020 and November 30, 2020, a trial was held before the Honorable Marc Barreca, United States Bankruptcy Court Chief Judge. *See* Dkt. 70, Ex. 1 (pp. 4-29) (Order and January 7, 2021 Oral Decision). Judge Barreca held, in pertinent part, that Plaintiff failed to establish claims of (1) false allegations of assault and theft; (2) intentional infliction of emotional distress; and (3) damage to his military career and that therefore, these claims are dischargeable pursuant to 11 U.S.C. § 523(a)(6). Judge Barreca further held that Plaintiff's remaining claim of defamation for statements made by Defendant Robinson in the "first Facebook video accusing Plaintiff of sexually assaulting Ms. Klag" is nondischargeable pursuant to 11 U.S.C. §523(a)(6) and is ready for a determination of damages. *See* Case 18-862, Dkt. 70, p. 4.

After Judge Barreca issued his decision, the stay in this case was lifted and the parties were directed to provide an updated Combined Joint Status Report and Discovery Plan. Dkt. 24. On May 19, 2021, Plaintiff filed an individual "Joint" Status Report, stating that Defendant failed to respond to his requests to participate. Dkt. 25. On June 11, 2021, Judge Robart issued an Order Setting a Trial Date and Related Dates. Dkt. 26.

REPORT AND RECOMMENDATION - 2

1  B.      Counterclaim at Issue

2      Defendant alleges that Plaintiff was discharged from the United States Marine Corps
3  under other than honorable conditions pursuant to Article 92 (failure to obey order or regulation)
4  and Article 120 (rape and sexual assault generally), and therefore, any statements made by her
5  "were either true or constitute opinions and are not actionable." Dkt. 9, p. 8. Based on the
6  foregoing, Defendant alleges Plaintiff has filed a meritless and frivolous lawsuit in violation of
7  Fed. R. Civ. P. 11 and that his actions are sanctionable under RCW 4.84.185. Dkt. 9, pp. 7-10.

8                                    DISCUSSION

9  A.      Legal Standard – Rule 12(b)(6)

10     To survive a motion to dismiss, a counterclaim "must contain sufficient factual matter,
11 accepted as true, to "state a claim to relief that is plausible on its face."" *Ashcroft v. Iqbal*, 556
12 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550
13 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim has facial plausibility if the
14 party pleads factual content that "allows the Court to draw the reasonable inference that [the
15 opposing party] is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556, 127
16 S.Ct. 1955). It must contain "more than labels and conclusions, and a formulaic recitation of a
17 cause of action's elements will not do." *Twombly*, 550 U.S. at 545, 127 S.Ct. 1955.

18     A court must accept all material allegations in the Counterclaim as true and construe
19 them in the light most favorable to Defendant. *Wickland Oil Terminals v. Asarco, Inc.*, 792 F.2d
20 887, 889–90 (9th Cir. 1986) (citing *North Star International v. Arizona Corporation*
21 *Commission*, 720 F.2d 578, 580 (9th Cir. 1983)). However, the "tenet that a court must accept as
22 true all of the allegations contained in a [claim] is inapplicable to legal conclusions." *Ashcroft*,
23 556 U.S. at 678, 129 S.Ct. 1937 (citing *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955).

B.   Legal Sufficiency of Counterclaim

The undersigned concludes that Defendant's Counterclaim is legally insufficient because it seeks to assert as independent causes of action, requests for sanctions that are more properly brought as motions at a more appropriate time in the proceeding.

   1.   Fed. R. Civ. P. 11

Defendant's Rule 11 Counterclaim is procedurally improper for two reasons. First, Defendant included a motion for sanctions in her Counterclaim, which Rule 11 forbids. *See* Fed. R. Civ. P. 11(C)(2) ("a motion for sanctions must be made separately from any other motion"); *see also Lenoir v. Tannehill*, 660 F.Supp. 42, 44 (S.D.Miss.1986) (finding that Rule 11 sanction requests cannot be raised via counterclaim). Second, Defendant filed her sanctions request without providing notice to opposing counsel, violating Rule 11's twenty-one-day safe-harbor period. *See* Fed. R. Civ. P. 11(C)(2) (requiring moving party to provide notice and allow twenty-one days before filing to provide opposing counsel an opportunity to correct or withdraw the challenged claims).

Defendant argues that her counterclaim is "not a motion for CR11 sanctions" but rather, that she seeks dismissal of Plaintiff's Complaint because it is "one of three frivolous and vexatious lawsuits setting forth meritless claims." Dkt. 9, p. 8. In support of this legal conclusion, Defendant alleges only that Plaintiff was discharged from the United States Marine Corps under less than honorable circumstances. The undersigned concludes that Defendant has failed to allege facts – as opposed to legal conclusions – from which the Court may reasonably draw the inference that Plaintiff's Complaint is "frivolous and meritless."

Since the filing of her Counterclaim, Judge Barreca ruled that Plaintiff's claim of defamation for statements made by Defendant Robinson in the "first Facebook video accusing

1  Plaintiff of sexually assaulting Ms. Klag" is nondischargeable pursuant to 11 U.S.C. §523(a)(6)

2  and is ready for a determination of damages. *See* Case 18-862, Dkt. 70, p. 4. Thus, Plaintiff's

3  prior lawsuit against Defendant was not without merit. In addition, Judge Barreca found that

4  there was no sexual assault (*id.*, p. 9) and that although Plaintiff was discharged from the military

5  under other than honorable conditions, that discharge status was upgraded to "honorable" after

6  Plaintiff applied for review (*id.*, p. 13); *see also* Dkt. 11, Declaration of Plaintiff, Ex. 5 (January

7  28, 2020 letter from Department of the Navy).[1] Thus, the sole factual allegation upon which

8  Defendant bases her Counterclaim is not supported by the record.

9  C.   RCW 4.84.185

10    Under Washington law, the prevailing party in a civil action may move the court for

11  reasonable expenses, including attorneys' fees "after a voluntary or involuntary order of

12  dismissal, order on summary judgment, final judgment after trial, or other final order terminating

13  the action." RCW 4.84.185. Before the party files such motion, the court must have made written

14  findings that the claim or defense "was frivolous and advanced without reasonable cause." *Id*.

15    The Court is not aware of authority suggesting RCW 4.84.185 constitutes an independent

16  cause of action. Rather, it is a remedy sought after the Court has made the requisite findings for

17  RCW 4.84.185 to apply.

---

[1] The Court may properly consider the decision of the Department of the Navy because a court may consider "material which is properly submitted as part of the complaint" on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment. Although the exhibit is not physically attached to Defendant's Counterclaim, the Court may properly consider the document as its "authenticity ... is not contested" and "the plaintiff's [counterclaim] necessarily relies" on the status of Plaintiff's military discharge. *Parrino v. FHP, Inc*., 146 F.3d 699, 705–06 (9th Cir.1998). Additionally, under Fed. R. Evid. 201, the Court may take judicial notice of Judge Barreca's ruling as it is a "matter of public record." *Mack v. South Bay Beer Distrib*., 798 F.2d 1279, 1282 (9th Cir.1986).

REPORT AND RECOMMENDATION - 5

CONCLUSION

Defendant's Counterclaim fails to plead factual content that would allow the Court to draw the reasonable inference that Plaintiff's filings are without merit and are frivolous. The Counterclaim is also legally insufficient as it seeks a determination and sanctions that are not appropriately brought as an independent cause of action in a counterclaim. Thus, the undersigned recommends that the Counterclaim be dismissed. Such dismissal does not bar Defendant from bringing a Rule 11 motion or motion under RCW 4.84.185 at a later, appropriate time.

OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **June 28, 2021**. The Clerk should note the matter for **June 30, 2021**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed five (5) pages. The failure to timely object may affect the right to appeal.

DATED this 11th day of June, 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6