Hon. James L. Robart

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| OSCAR LEE OLIVE, IV., an individual<br><br>Plaintiff,<br><br>v.<br><br>HAYLEY MARIE ROBINSON, an individual, and Does 1-20 inclusive<br><br>Defendants | No. 2:20-cv-00356-JLR-BA<br><br>Hon. James L. Robart<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. **DEFAMATION**<br><br>2. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br><br>**Jury Trial Demanded** |

COMES NOW Plaintiff Oscar Lee Olive, IV ("Plaintiff") files this Complaint against Defendants Hayley Marie Robinson ("Defendant") and alleges as follows:

**THE PARTIES**

1. Plaintiff Oscar Lee Olive, IV, is an individual currently living in Broward County, Florida ("Plaintiff") at all relevant times.

2. Defendant Hayley Marie Robison ("Defendant") is an individual residing in

FIRST AMENDED COMPLAINT        1

Oscar Olive (Plaintiff)
101 N. Ocean Drive,
Suite 132
Hollywood, FL 33319
(850) 319-9023

Whatcom County at 487 Westerly Rd #102, Bellingham, WA 98226. Robinson also uses "Ireland Rose" as an alias. Robinson previously worked as a model. Robinson currently promotes herself in the online pornography industry under the name of "Ireland Rose" or "Ireland Rose Marie".

3. Kiersten Alexandra Klag ("Klag") is a resident of Westchester, West Virginia.

4. Defendant Robinson refers to Klag as "Norah" or Klag on Defendant's website.

5. The true names and capacities of DOES 1 through 20 are presently unknown to Plaintiff and when they become known, Plaintiff will amend this Complaint by identifying the true names and capacities of the Doe defendants herein sued as fictitious Doe defendants; Plaintiff is informed and believes and on such information and belief alleges that each of said Defendants is responsible to Plaintiff in some actionable manner as set forth herein.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that Defendants reside in Washington State within the jurisdiction of this Court, and at all relevant times Plaintiff resided in Florida. The amount in controversy exceeds $75,000.

7. Personal jurisdiction and venue are proper in this Court because the Defendant is located in the Western District of Washington.

## STATEMENT OF FACTS

8. On or around June 1, 2016 Plaintiff paid for Defendant Robinson and her former boyfriend, Justus Kepel, to travel to Suitland, Maryland, to work a modeling photo shoot pursuant to an agreement entered into between Plaintiff and Robinson in or about May 2016.

9. On or around July 3, 2016 Plaintiff, and Defendants Robinson and Kepel, were at Plaintiff's Maryland residence with another model, Klag. While at Plaintiff's house/home studio Robinson and Kepel demanded Plaintiff pay them more money for the modeling photo

shoot. Plaintiff declined. Defendants Robinson and Kepel grew angry when Plaintiff informed them, that pursuant to their agreement, all costs, including the costs paid by Plaintiff for the Defendants' airline tickets, would be deducted from Robinson's pay. Defendants Robinson and Kepel stated they "would get even" with Plaintiff and cause him personal and financial harm.

10. On or around November 1, 2016, Robinson admitted she had intentionally lied and made the false factual statements against Plaintiff in his personal and professional capacity.

11. On or about November 2, 2016, Robinson admitted that her statements of and concerning Plaintiff and the false claims of sexual misconduct and theft were false.

12. On or around June 12, 2016 Plaintiff filed an action in the Federal District Court, Western District of Washington against Defendant Robinson and her former boyfriend Justus Keppel (Dist. Court case no. 2:18-cv-00862) alleging Robinson and Keppel had used Facebook to publish false and defamatory statements about Plaintiff. On or around Oct. 1, 2019 the court entered judgment against Keppel finding Plaintiff had proven Keppel aided and abetted Robinson's defamatory statements against Plaintiff using Keppel's Facebook account. The Court awarded Plaintiff damages for defamation and intentional infliction of emotional distress. The Court stayed the case against Defendant Robinson due to Robinson filing bankruptcy. Defendant Robinson wrote on her webpage that she filed bankruptcy to obtain a "pardon" her from the financial liability from the federal lawsuit filed by Plaintiff.

13. On or around May 10, 2019 Defendant Robinson filed her petition for Chapter 7 bankruptcy protection.

14. On or around June 1, 2019, after filing her bankruptcy petition, Robinson falsely published on a new platform, her business website https://irelandrosemarie.wordpress.com

FIRST AMENDED COMPLAINT    3

Oscar Olive (Plaintiff)
101 N. Ocean Drive,
Suite 132
Hollywood, FL 33319
(850) 319-9023

stating that Plaintiff had sexually assaulted "Norah" (aka Klag) and that Plaintiff was found "guilty". Defendant Robinson made false factual statements inputting that Plaintiff had commented a crime, sexual assault, assault, stolen money. Defendant Robinson further representing as a fact that Plaintiff had been raided by government, arrested, and charged with a crime. Defendant Robinson knew the statements made against Plaintiff were false as Defendant Robinson admitted to knowingly fabricating statements in injure Plaintiff personally and professionally.

15. On or around July 1, 2019 through March 4, 2020 Defendant Robinson used Facebook pages under various aliases, Twitter and other web platforms to direct approximately five to ten thousand followers to her webpage where Defendant published the false allegations of sexual assault and theft against Plaintiff as a basis to obtain money from third parties over the internet using Googlepay, Cashapp, Venmo, Paypal and payable to Defendant Robinson.

16. Robinson's postings were admittedly intended to expose Plaintiff to hatred, contempt, ridicule or obloquy, to deprive him of the benefit of public confidence or social intercourse, or to injure him in his business, trade, and/or profession as a photographer.

17. Robinson's false factual statements were viewed by individuals, many in the photography and modeling business in which Plaintiff has a career. Plaintiff, as a result of Defendant's defamatory claims, was labeled a "felon" on social media. Plaintiff has no felony convictions. Defendant Robinson's postings were seen by Plaintiff's clients which harmed Plaintiff's reputation. As the result of Defendant Robinson's malicious actions Plaintiff has suffered damage to his reputation and damages exceeding $75,000.00.

18. At all times, Defendants conduct was extreme and outrageous, using Defendant's web pages to defame Plaintiff in exchange for obtaining money to pay her bills, and to injure Plaintiff emotionally and professionally. Defendants' conduct was so extreme, exceeding the

bounds of decency, and found to be to be regarded as atrocious, and utterly intolerable in a civilized community.

19. Defendants' actions were outrageous and extreme and caused Plaintiff extreme emotional distress. Plaintiff suffers from depression, fear, nausea, and sleeplessness, as the direct and proximate result of Defendants' outrageous conduct.

20. Defendant Robinson's intentional defamatory statements were intended to injure Plaintiff and to benefit Defendant financially. Defendant Robinson acted with malice, oppression and/or fraud as to warrant imposition of punitive damages.

*21.   On or around January 7, 2021 the Bankruptcy Court, Western Division of Washington, upon a two day hearing, found in favor of Plaintiff, and denied discharge of Defendant Robinson. The Bankruptcy Court made findings that Defendant had acted with malice and with intent to cause personal injury to Plaintiff.*

*22.   On or around August 2, 2021 the Bankruptcy Appellate Panel for the 9th Circuit Court of Appeals affirmed the bankruptcy court's findings. The BAP also found malice and that Defendant "gloated" over causing harm to Plaintiff.*

*23.   Despite two courts finding Defendant acted with malice and intent to cause harm, Defendant refuses to remove her posts on the new social media, the subject of this Complaint. Defendant has rejected all requests to remove her defamatory postings, causing an ongoing and continuous injury to Plaintiff.*

**FIRST CAUSE OF ACTION**

**DEFAMATION**

**(AGAINST DEFENDANT ROBINSON AND DOES 1-20)**

24. Plaintiff hereby incorporates, incorporates and re-alleges paragraphs 1-20 as set forth above.

25. That between June 1, 2019 through March 4, 2020, Defendant Robinson made false factual statements against Plaintiff by publishing on her personal webpage, used to promote her pornography business, that Plaintiff had engaged in criminal activities imputing moral turpitude, sexual assault, assault and theft.

26. Defendants conduct was found to have been intentional, malicious and intended to harm Plaintiff's reputation and person for the financial benefit of the Defendant. Defendant's conduct was at all times unprivileged.

27. Defendant Robinson admitted to fabricating false facts of and concerning Plaintiff.

28. As the direct and proximate result of Defendant's actions, Plaintiff's personal reputation and business reputation suffered, as a result of Defendant's web page postings.

## SECOND CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTION DISTRESS

## (AGAINST DEFENDANT ROBINSON AND DOES 1-20)

29. Plaintiff hereby incorporates, incorporates and re-alleges paragraphs 1-20 as set forth above.

30. Defendants' acts of making false statements of facts against Plaintiff concerning sexual misconduct and theft were extreme outrageous, designed to injure Plaintiff while Defendant obtained money in exchange for defaming Plaintiff.

31. Defendants' conduct was intended to cause Plaintiff emotional harm.

32. As the direct and proximate result of Defendants' conduct Plaintiff suffers from extreme emotional distress. Plaintiff suffers from depression, fear, nausea, panic attacks, and loss of sleep, as the direct and proximate result of Defendants' outrageous conduct. Plaintiff requires the use of an emotional support animal.

FIRST AMENDED COMPLAINT         6

Oscar Olive (Plaintiff)
101 N. Ocean Drive,
Suite 132
Hollywood, FL 33319
(850) 319-9023

**DEMAND FOR JURY TRIAL**

33. Plaintiff requests trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that he has judgment against Defendants as follows:

FOR CAUSE OF ACTION NO. 1:

    a. For all general and special damages to be proven at trial, including but not limited to loss of past and future income, benefits, and pension.

    b. *For an award of exemplary damages.*

FOR CAUSE OF ACTION NO. 2:

    c. For all general and special damages to be proven at trial, including past and future pain and suffering.

    d. *For an award of exemplary damages.*

FOR ALL CAUSES OF ACTION:

    e. For Injunctive Relief enjoining Defendant from continued publication of injurious statements on her website concerning Plaintiff,

    f. Award Plaintiff the costs of this action, and

    g. An award of any other relief as this Court deems just and proper.

Dated: April 1, 2022

Respectfully submitted,

By: */s/ Oscar Lee Olive, IV.*

Oscar Lee Olive, IV Plaintiff, In Pro Per
101 N. Ocean Drive, Suite 132
Hollywood, FL 33319
Oscar.L.Olive@gmail.com
(850) 319-9023

FIRST AMENDED COMPLAINT     7

Oscar Olive (Plaintiff)
101 N. Ocean Drive,
Suite 132
Hollywood, FL 33319
(850) 319-9023